UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAM CARLOS ARRIOLA REYNALDO,

Petitioner,

v.

TODD BLANCHE et al.,

Respondents.

Case No. 1:26-cv-3093

Honorable Robert J. Jonker

# **OPINION**

Petitioner initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Michigan on August 10, 2026 (Pet., ECF No. 1). He stated that the United States Immigration and Customs Enforcement (ICE) was detaining him in Chippewa County, Michigan (*Id*. at PageID.1). Chippewa County is part of the Western—not the Eastern—District of Michigan, and so the Eastern District of Michigan transferred the action to this Court on October 26, 2026 (Transfer Order, ECF No. 14).

By the time of the transfer Order, Petitioner had filed several notices of address changes as ICE changed his custodial location (ECF Nos. 3, 4, 12), and Petitioner's mother had filed a Motion for Leave to Appear as Next Friend (ECF No. 6). After the transfer Order, Petitioner or his mother filed multiple Motions to Expedite and other Notices (ECF Nos. 20, 23, 26, 27) documenting updated addresses as Petitioner's custodial location changed. The Attorney General also filed two Status Reports, the first dated November 12, 2026, indicating that Petitioner's removal from the United States had been completed (ECF No. 21), and a second dated November 23, 2026,

correcting the earlier report and noting that Petitioner was back in ICE custody in the Western District of Michigan because he refused to the leave the bus transporting him to Mexico (ECF No. 24). Petitioner or his mother filed their own documents on November 23, 2026, confirming that Petitioner had not left the removal bus and was back in ICE custody, but the filing reported the location of custody as El Paso, Texas, or Alexandria, Louisiana, not the Western District of Michigan (ECF Nos. 26, 27).

As of this writing, it is not clear whether ICE has completed the removal of Petitioner. Petitioner believed he was in a staging area and anticipated an imminent removal by flight to Mexico (ECF No. 26, at PageID.30). Moreover, a search today of ICE's on-line locater database using Petitioner's Alien Number and country of birth (Cuba) has no report of Petitioner in custody, further suggesting the removal is complete. If the removal has been completed, this Petition would be subject to dismissal for mootness. *See Zundel v. Berrong*, 106 F. App'x 331 (6th Cir. 2004). There is not, however, an updated status report on file from the Attorney General confirming removal. Even so, the Court has reviewed the entire file and concludes that dismissal of the petition without prejudice is appropriate even assuming Petitioner is still in ICE custody somewhere in the United States.

First, as Respondents note in their response, there is reason to believe that this action was initiated on Petitioner's behalf by his mother rather than by Petitioner himself (Resp., ECF No. 10, PageID.78–80). Indeed, Petitioner's mother has since moved to proceed as Petitioner's "next friend" (ECF No. 6). Petitioner's mother resides in Jacksonville, Florida, and many of Petitioner's filings appear to come from that location, including the two most recent filings (ECF Nos. 26, 27). To establish next-friend standing, the putative next friend must, among other things, demonstrate that the individual on whose behalf she seeks to proceed is unable to litigate his own case. *See*

*Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). Nothing in the present record establishes that Petitioner is unable to prosecute this action on his own behalf.

But even assuming that were true, Petitioner's mother could not proceed as next friend without an attorney. Uniformly, courts have barred next friend petitioners from proceeding pro se in habeas cases. *See, e.g., Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018); *Sheikh-Elmi v. Nw. Immigr. & Customs Enf't Processing Ctr.*, No. 2:25-CV-00850-JNW, 2025 WL1397617, at *1-2 (W.D. Wash. May 13, 2025); *Abdul-Ali ex rel. Stevenson v. California*, No. CV19-10726-ODW (PLA), 2019 WL 7284942, at *3 (C.D. Cal. Dec. 27, 2019); *Pinson v.Blanckensee*, 834 F. App'x 427, 428 (9th Cir. 2021); *Camp v. Harper*, No. CV 20-648, 2020 WL3104026, at *1 (W.D. Pa. June 11, 2020). A person who wishes to qualify as "next friend" must retain legal counsel. *See Bush,* 732 F. App'x at 137; *Sheikh-Elmi*, 2025 WL 1397617, at *2. This prohibition exists because the "next friend" exception does not replace the rule that "a non-attorney[] cannot represent others in court." *Pinson*, 834 F. App'x at 428; *Sheikh-Elmi*, 2025 WL1397617, at *2; *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law."). And it further "exists to protect the rights of the represented party." *Bush*, 732 F. App'x at 137. Accordingly, the Court declines to grant next-friend status, and insofar as this action was initiated by Petitioner's mother, dismissal is appropriate on that basis alone.

Second, even assuming that Petitioner remains in ICE custody and that the petition is properly before the Court, the duration and circumstances of Petitioner's detention do not presently provide a basis for habeas relief. Petitioner is a native and citizen of Cuba (Pet., ECF No., PageID.9). On May 27, 2025, an immigration judge ordered Petitioner removed to Cuba *in absentia* (Removal Order, ECF No. 10-5, PageID.98–99). Petitioner subsequently filed two

motions to reopen his removal proceedings, both of which were denied (ECF Nos. 10-6, 10-7). Although Petitioner appealed the denial of his second motion to reopen to the Board of Immigration Appeals (ECF No. 10-8), that appeal does not disturb the administrative finality of his removal order. *See* 8 C.F.R. §§ 1003.6(b), 1241.1(e). Thus, on the present record, Petitioner's detention is governed by 8 U.S.C. § 1231.

Section 1231(a)(2) mandates the detention of noncitizens during the 90-day removal period, and § 1231(a)(6) authorizes the continued detention of certain noncitizens, including those found inadmissible, beyond that period. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court considered the constitutionality of detention under § 1231(a)(6). Although the statute permitted detention "beyond the removal period," the Court emphasized that, at a certain point after removal no longer seemed reasonably foreseeable, indefinite detention would become constitutionally problematic. *Id.* at 699. The Court declined to identify a fixed point in time at which further detention would be impermissible, but it designated six months as a "presumptively reasonable period" of detention. *Id.* at 701. After that period, once a detainee provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Id.* The six-month period, however, is not a hard limit on the permissible duration of detention. *Id.*

Here, Petitioner was detained by ICE on June 23, 2026 (ECF No. 10-9, PageID.106). Thus, assuming that Petitioner remains in ICE custody, he has been detained for approximately five months, within the period recognized as presumptively reasonable in *Zadvydas*. Moreover, the present record does not establish that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. To the contrary, the representation in the most recent filing that ICE has already attempted to effectuate Petitioner's removal indicates that efforts to remove

Petitioner have been undertaken. That those efforts may not yet have been successful does not, without more, establish that Petitioner's continued detention is unlawful.

In short, the Court sees no basis on the present record for continuing these proceedings. Should Petitioner remain in ICE custody and circumstances materially change such that his detention becomes unreasonably prolonged, Petitioner remains free to file a new § 2241 petition.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. The motion to proceed as next friend (ECF No. 6) will be denied, and any remaining pending motions will be denied as moot.

Dated: November 25, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge